| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Willis Floyd Wiley, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-15-96 |
| William Stephens, | § § § | |
| Defendant. | § | |

## Opinion on Dismissal

Willis Wiley sues William Stephens, the director of the Texas prison system. 42 U.S.C. § 1983. He moves to proceed as a pauper. 28 U.S.C. § 1915. Wiley was held in a Texas prison. He claims Stephens deliberately held him in prison past his discharge date violating the Fifth and Fourteenth Amendments. Wiley is now out of prison and seeks damages for the time he spent in prison past his discharge date.

A civil rights claim for damages which indirectly challenges the validity of a conviction or confinement cannot proceed unless the conviction or confinement has been held invalid. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Wiley's claim implicates the validity of his extended confinement. Wiley does not contend or show that the extended custody underlying his claim has been invalidated. *Heck v. Humphrey* bars Wiley's damages claim. That Wiley cannot now attack his prior confinement because he is no longer in custody does not render *Heck* inapplicable. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).

Wiley fails to state a claim recognized at law. This case will be dismissed.

Signed February ___9___, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge